IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-360-BO

| | | |
|---|---|---|
| DISHONDRA GOREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THE SHAW UNIVERSITY,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause is before the Court on defendant's second motion to dismiss for failure to state a claim. Plaintiff has also filed a motion to deem her response to defendant's motion to dismiss timely, and defendant's first motion to dismiss has not been ruled on. For the reasons discussed below, the motion to deem response timely is granted, the second motion to dismiss for failure to state a claim is partially denied without prejudice and partially granted, and the first motion to dismiss is denied as moot.

BACKGROUND

Between 2014 and 2018, plaintiff DiShondra Goree served as coach for defendant Shaw University's volleyball and softball teams. On May 15, 2020, plaintiff filed suit in the Wake County Superior Court alleging that defendant discriminated against her on the basis of sex by failing to pay her an appropriate amount for equal work in violation of the Equal Pay Act of 1963

---

[1] In her original complaint, plaintiff named Alfonza Carter, who served as defendant Shaw University's athletic director during the majority of the time plaintiff worked for defendant, as a defendant. Plaintiff's amended complaint eliminated all claims against Carter. "Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." § 1476 Effect of an Amended Pleading, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.). Since plaintiff's original complaint no longer performs any function in this case and the amended complaint does not bring any claims against Carter, Shaw University is the only defendant remaining in this case.

and Title IX of the Education Amendments of 1972, that defendant defrauded her by failing to increase her pay and operational budget despite its promises to do so, and that defendant conspired to pay her less than male coaches and to underfund women's sports programs at the university. Plaintiff also pleads claims against defendant for unjust enrichment and *quantum meruit*. She seeks actual and punitive damages from defendant. Defendant removed this case to the Eastern District of North Carolina on July 8, 2020. On August 14, 2020, defendant filed a partial motion to dismiss, seeking to dismiss plaintiff's claims for civil conspiracy, fraud, and punitive damages. In response and with consent, plaintiff filed an amended complaint eliminating the civil conspiracy claim. On October 2, 2020, defendant filed the instant motion to dismiss plaintiff's fraud and punitive damages claims for failure to state a claim.

## DISCUSSION

Defendant has moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

2

Plaintiff responded to defendant's motion to dismiss approximately three hours after the given deadline. Plaintiff asks this Court to deem its response timely, and defendant does not oppose this motion. This Court has the authority to extend the deadline "for good cause" "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). For good cause shown, the Court will consider plaintiff's response as timely.

In order to state a claim for fraud under North Carolina law, a plaintiff must allege that defendant made a "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 189 (4th Cir. 2007) (citing *Forbis v. Neal*, 361 N.C. 519, 526–27 (N.C. 2007)) (alteration in original). "Reliance is not reasonable where the plaintiff could have discovered the truth of the matter through reasonable diligence, but failed to investigate." *Cobb v. Pa. Life Ins. Co.*, 215 N.C. App. 268, 277 (2011). A claim for fraud requires satisfaction of a heightened pleading standard. Rule 9(b) of the Federal Rules of Civil Procedure requires a party to plead a claim for fraud with particularity. "To meet this standard, [a plaintiff] must, at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

Claims for fraud arising under North Carolina law must be filed within three years from the time the alleged fraud was or should have been discovered by the plaintiff with the exercise of reasonable care. N.C. Gen. Stat. § 1-52(9) (2020); *see also Cheek v. Danek Med., Inc.*, 1999 U.S. Dist. LEXIS 4481, at *9, n.2 (M.D.N.C. Mar. 9, 1999) (citing *Hiatt v. Burlington, Indus., Inc.*, 55

3

N.C. App. 523, 526, *disc. rev. denied*, 305 N.C. 395 (1982)). "Ordinarily, a defense based on the statute of limitations must be raised by defendant through an affirmative defense . . . and the burden of establishing the affirmative defense rests on the defendant. *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, a court may resolve a statute of limitations defense at the motion to dismiss stage if "all facts necessary to the affirmative defense 'clearly appear[] *on the fact of the complaint.*'" *Id.* (citations omitted) (emphasis in original) (alteration in original).

Plaintiff alleges that defendant made two misrepresentations to her. First, plaintiff alleges that defendant falsely represented that if plaintiff won games as a coach and was successful, she could receive pay increases and get a paid assistant to help her coach. Defendant claims that plaintiff's conversation with Nancy Law, defendant's director for compliance and senior women administrator, put plaintiff on notice that this alleged misrepresentation was fraudulent. The amended complaint states that this conversation took place in July 2016. However, plaintiff claims in its response to defendant's motion to dismiss that the use of the 2016 was scrivener's error and that the conversation actually took place in 2018. If this conversation occurred in 2018, rather than 2016, plaintiff's claim would not be time-barred. Accordingly, as leave to amend should be freely given, Fed. R. Civ. P. 15(a), the Court will permit plaintiff an opportunity to amend her complaint to correct any scrivener's error.

Second, plaintiff alleges that defendant falsely represented that it would increase plaintiff's operating budget. Plaintiff states in the amended complaint that defendant "had no intent" to pay plaintiff according to its representation or to fund either sports program appropriately. However, beyond the conclusory allegations that defendant "had no intent" to perform on its promises, plaintiff does not allege any additional facts supporting defendant's lack of intent. Without additional supporting facts, plaintiff's conclusory allegations are insufficient to support her fraud

4

claim. *See Strum v. Exxon Co., USA*, 15 F.3d 327, 331 (4th Cir. 1994) ("Because [plaintiff] has done nothing more than assert that [defendant] never intended to honor its obligations under the [] agreement, the district court's dismissal of the [fraud claim] was entirely appropriate."); *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 580 (4th Cir. 2017) (stating that "conclusory allegations . . . without more, cannot defeat [a] motion to dismiss") (citation omitted). Therefore, plaintiff's fraud claim as to the second alleged misrepresentation must be dismissed.

Defendant has also moved to dismiss plaintiff's claim for punitive damages because, if her fraud claim fails, defendant cannot rely upon it to support a claim for punitive damages. North Carolina does not recognize an independent cause of action for punitive damages, *see Taylor v. Bettis*, 976 F. Supp. 2d 721, 747 (E.D.N.C. 2013); *Oestreicher v. Am. Nat. Stores, Inc.*, 290 N.C. 118, 134 (1976), and plaintiff's punitive damages claim thus rests on her fraud claim. Since plaintiff's fraud claim is not dismissed, plaintiff's punitive damages claim must also proceed.

## CONCLUSION

For the reasons discussed above, plaintiff's motion to deem response timely is GRANTED. [DE 27]. Defendant's second motion to dismiss for failure to state a claim is DENIED WITHOUT PREJUDICE as to the fraud claim regarding the alleged misrepresentation that plaintiff could receive pay increases and get a paid assistant and as to the punitive damages claim and GRANTED as to the fraud claim regarding the alleged misrepresentation that defendant would increase plaintiff's operating budget. [DE 20]. Defendant's first motion to dismiss is DENIED as MOOT. [DE 11]. Plaintiff is permitted fourteen (14) days to file an amended complaint consistent with the foregoing, should she so choose.

5

Case 5:20-cv-00360-BO   Document 31   Filed 01/25/21   Page 5 of 6

claim. *See Strum v. Exxon Co., USA*, 15 F.3d 327, 331 (4th Cir. 1994) ("Because [plaintiff] has done nothing more than assert that [defendant] never intended to honor its obligations under the [] agreement, the district court's dismissal of the [fraud claim] was entirely appropriate."); *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 580 (4th Cir. 2017) (stating that "conclusory allegations . . . without more, cannot defeat [a] motion to dismiss") (citation omitted). Therefore, plaintiff's fraud claim as to the second alleged misrepresentation must be dismissed.

Defendant has also moved to dismiss plaintiff's claim for punitive damages because, if her fraud claim fails, defendant cannot rely upon it to support a claim for punitive damages. North Carolina does not recognize an independent cause of action for punitive damages, *see Taylor v. Bettis*, 976 F. Supp. 2d 721, 747 (E.D.N.C. 2013); *Oestreicher v. Am. Nat. Stores, Inc.*, 290 N.C. 118, 134 (1976), and plaintiff's punitive damages claim thus rests on her fraud claim. Since plaintiff's fraud claim is not dismissed, plaintiff's punitive damages claim must also proceed.

## CONCLUSION

For the reasons discussed above, plaintiff's motion to deem response timely is GRANTED. [DE 27]. Defendant's second motion to dismiss for failure to state a claim is DENIED WITHOUT PREJUDICE as to the fraud claim regarding the alleged misrepresentation that plaintiff could receive pay increases and get a paid assistant and as to the punitive damages claim and GRANTED as to the fraud claim regarding the alleged misrepresentation that defendant would increase plaintiff's operating budget. [DE 20]. Defendant's first motion to dismiss is DENIED as MOOT. [DE 11]. Plaintiff is permitted fourteen (14) days to file an amended complaint consistent with the foregoing, should she so choose.

SO ORDERED, this the ___25___ day of January, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE